Filed 3/11/26  P. v. Grant CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE CARLOS GRANT,<br><br>    Defendant and Appellant. | A173420<br><br>(Mendocino County Super. Ct. No. 25CR06442) |

**MEMORANDUM OPINION**[1]

In March 2025, Jose Carlos Grant pled no contest to resisting or deterring an officer in violation of Penal Code section 69, subdivision (a),[2] and admitted a previous strike conviction.  At the sentencing hearing in May, the trial court imposed monetary penalties, including a $41 fine under section 1202.5 that it stayed.  Grant contends the trial court erred by imposing the fine and asks that we strike it.  The Attorney General agrees the fine should be stricken, and so do we.

Before appealing on the ground that a fine is improper, a defendant must first raise the issue in the trial court—either at the time of sentencing,

---

[1] We resolve this case by memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

[2] All further statutory references are to the Penal Code.

or, if the error is not discovered until after sentencing, by written motion, which may be informal.  (§ 1237.2.)

Grant has met this requirement.  On September 10, the lawyer representing Grant on appeal sent a letter to the trial court explaining that she had discovered the error in her review of the appellate record and requesting that the court strike the section 1202.5 fine.  The trial court responded by letter that the fine was stayed, and Grant's lawyer followed up with a letter on October 15 asking for a decision.  Grant represents—and the Attorney General does not dispute—that the trial court then amended the abstract of judgment reducing other fines not at issue here but not striking the section 1202.5 fine.  Grant's lawyer sent a final letter to the trial court on November 18 renewing Grant's request that the court strike the fine.  Grant represents—and the Attorney General does not dispute—that the trial court has not responded.

Turning to the merits, section 1202.5 authorizes a fine to be imposed when a defendant is convicted of one or more enumerated theft-related offenses.  (§ 1202.5, subd. (a).)  Resisting or deterring an officer in violation of Penal Code section 69 is not one of the listed offenses, and therefore section 1202.5 does not authorize the fine (or any included penalty or surcharge). (See *ibid.*)

## DISPOSITION

The judgment is modified to strike the section 1202.5 fine and associated penalty or surcharge assessments.  The judgment is affirmed as modified.  The trial court is directed to correct its sentencing minute order and the abstract of judgment to reflect that no section 1202.5 fine of $41 or any other amount is imposed, and to send a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.

3